IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Richard Herrick, *et al.*, | : | Case No. 1:07-cv-936 |
| | : | |
| Plaintiffs, | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER GRANTING MOTION TO |
| | : | DISMISS AMENDED COMPLAINT, |
| Liberty League International, *et al.*, | | DENYING AS MOOT MOTION TO |
| : | | COMPEL ARBITRATION, AND |
| | : | DENYING MOTION FOR LEAVE TO |
| Defendants. | : | AMEND |
| | : | |

This matter comes before the Court on the Motion to Dismiss the Amended Complaint (doc. 11) and Motion to Compel Arbitration (doc. 12) filed by Defendants Liberty League International, Brent Payne, and Shane Krider,[1] as well as on the Motion for Leave to File a Second Amended Complaint (doc. 17) filed by Plaintiffs Richard Herrick and Colleen Herrick. For the reasons that follow, Defendants' Motion to Dismiss is **GRANTED**, Defendants' Motion to Compel Arbitration is **DENIED AS MOOT**, and Plaintiffs' Motion for Leave to File a Second Amended Complaint is **DENIED**.

**I.    PROCEDURAL BACKGROUND**

The procedural history of this case informs the Court's analysis of the pending motions. On February 16, 2007, Richard Herrick initiated a suit in the Butler County, Ohio Court of Common Pleas against Liberty League International ("LLI"), Brent Payne, Shane Krider, and John Does 1-10.  Herrick alleged in the suit that the defendants made fraudulent

---

[1] Plaintiffs have not obtained service on a fourth defendant, John Lavenia, and Lavenia has not joined in the pending motions.

1

misrepresentations to induce him to purchase home-based business products from LLI. Herrick asserted claims for common law fraud and a violation of the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code ("O.R.C.") § 1345.01 *et seq.* Defendants LLI, Payne, and Krider filed a Motion to Compel Arbitration or Dismiss Plaintiffs' Complaint on March 23, 2007. On May 2, 2007, Herrick voluntarily dismissed the suit pursuant to Rule 41(A) of the Ohio Rules of Civil Procedure.[2]

On November 7, 2007, Plaintiffs Richard Herrick and Colleen Herrick filed the instant suit in federal court against Defendants LLI, Payne, Krider, Dale Foster, John Lavenia, and John Does 1-100. (Doc. 1.) Similar to the state court suit, Plaintiffs alleged that Defendants made misrepresentations to induce Plaintiffs to purchase products and customer lists from LLI. Plaintiffs asserted the following claims: (I) violation of the federal Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1962(c); (II) RICO conspiracy, 18 U.S.C. § 1962(d); (III) violation of the OCSPA, O.R.C. § 1345.01 *et seq.*; and (IV) common law fraud.

On December 18, 2007, Defendants LLI, Payne, and Krider filed a Motion to Dismiss or Compel Arbitration. (Doc. 8.) The movants asserted the following arguments for dismissal: (a) the Complaint failed to allege any misrepresentation of existing fact; (b) the common law and RICO fraud claims lacked particularity; (c) the RICO claims failed to allege an enterprise or pattern of racketeering; (d) the OCSPA claims did not involve a consumer transaction; and (e) the Court lacked personal jurisdiction over Defendants Payne and Krider. Defendants also asserted that the Court should compel arbitration of any remaining claims and stay the

---

[2] All information concerning the state court lawsuit, Herrick v. Liberty League International, No. CV 2007 02 0626 (Ohio C.P. Butler Cty.), was obtained from the public website of the Butler County, Ohio Clerk of Courts, <http://www.butlercountyclerk.org>.

proceedings.

On December 26, 2007, without responding to the dismissal motion, Plaintiffs filed a First Amended Complaint against Defendants LLI, Payne, Krider, Lavenia, and John Does 1-100. (Doc. 10.) It does not appear from the Court's docket report that Plaintiffs secured either the Defendants' written consent or the Court's leave before filing the amended pleading as was required pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. In the First Amended Complaint, Plaintiffs again asserted claims the following claims: (I) violation of RICO, 18 U.S.C. § 1962(c); (II) RICO conspiracy, 18 U.S.C. § 1962(d); and (III) common law fraud. Plaintiffs dropped the OCSPA claim as well as all claims against Dale Foster. The substantive allegations in the First Amended Complaint were substantively similar to, though more detailed than, the allegations made in the Complaint.

On January 7, 2008, Defendants LLI, Payne, and Krider responded by filing the pending Motion to Dismiss the Amended Complaint and Motion to Compel Arbitration. (Docs. 11 and 12.) Similar to the first dismissal motion, Defendants contended that (a) the First Amended Complaint failed to allege a misrepresentation of existing fact; (b) the RICO and common law fraud claims lacked particularity; (c) the RICO claims failed to allege a pattern of racketeering; and (d) the Court lacked personal jurisdiction over Defendants Payne and Krider. Defendants also again asserted that the Court should compel arbitration of any remaining claims and stay the proceedings.

Plaintiffs did not file a memorandum opposing Defendants' motions. Instead, on February 15, 2008, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint. (Doc. 17.) Plaintiffs would assert the same substantive claims based on similar, though more

3

detailed, facts in the the proposed Second Amended Complaint. (Doc. 17-2.) Defendants LLI, Payne, and Krider oppose the Court granting leave for Plaintiffs to file another amended complaint and have requested the Court to grant their acquittal motion instead.

**II.    ANALYSIS**

Defendants LLI, Payne, and Krider have asserted similar arguments as a basis to both dismiss the First Amended Complaint and to deny Plaintiffs leave to file the proposed Second Amended Complaint. For the reasons that follow, the Court finds that Plaintiffs have failed to state a RICO claim upon which relief can be granted in the First Amended Complaint and the RICO claims must be dismissed. Further, the deficiencies in the RICO claims are not remedied in the proposed Second Amended Complaint. Lastly, having decided that the federal claims must be dismissed, the Court also declines to exercise jurisdiction over the state law fraud claims. The Court need not address Defendants' personal jurisdiction arguments nor the Motion to Compel Arbitration given its decision to dismiss Plaintiffs' substantive claims.

**A.    Standards Governing Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must read all well-pleaded allegations of the complaint as true." Weiner v. Klais and Co., Inc., 108 F.3d 86, 88 (6th Cir. 1997) (citing Bower v. Federal Express Corp., 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. Bower, 96 F.3d at 203.

The Supreme Court has explained "an accepted pleading standard" that "once a claim has

been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, --- U.S.----, 127 S.Ct. 1955, 1969 (2007). To withstand the dismissal motion, the complaint "does not need detailed factual allegations," but it must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." Id. at 1964-65. The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Weiner, 108 F.3d at 88 (citing In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1265. The Court does not require "heightened fact pleading of specifics, but only enough to state a claim for relief that is plausible on its face." Id. at 1974.

**B.     Plaintiffs Fail to State a RICO Claim Upon Which Relief Can be Granted in the First Amended Complaint.**

Plaintiffs allege that Defendants Payne, Krider, Lavenia, and the John Does violated RICO, 18 U.S.C. § 1962(c), by engaging in racketeering activity consisting of mail and wire fraud, bank fraud, and interstate transportation of stolen property. (Doc. 10, First Amended Complaint ¶ 34.) Defendant LLI is identified as an "enterprise" for purposes of the RICO claims. (Id. ¶ 3.)[3]

The RICO statute provides in relevant part as follows:

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of

---

[3] See also Doc. 10, First Amended Complaint ¶ 3.

unlawful debt.

18 U.S.C. § 1962(c). To state a civil RICO claim, a complaint must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Moon v. Harrison Piping Supply, 465 F.3d 719, 723 (6th Cir. 2006) cert. denied 127 S.Ct. 1832 (2007) (quoting Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985)).

"Racketeering activity" is defined in RICO as including "(B) any act which is indictable under any of the following provisions of title 18, United States Code: . . . section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), . . . [and] sections 2314 and 2315 (relating to interstate transportation of stolen property) . . . ." 18 U.S.C. § 1961(1).

For multiple reasons, the Court finds that Plaintiffs have failed as a matter of law to sufficiently plead a claim for a RICO violation because their allegations do not establish a pattern of racketeering activity. A "pattern of racketeering activity" requires at least two predicate acts of racketeering activity within a ten-year period. 18 U.S.C. § 1961(5). The predicate acts of fraud underlying a RICO claim must be pleaded with particularity consistent with Rule 9(b) of the Federal Rules of Civil Procedure. Moon, 465 F.3d at 723; Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984).

To begin, the alleged predicate acts of bank fraud are legally insufficient to support Plaintiffs' RICO claims. The bank fraud statute makes it illegal to execute a scheme to defraud a financial institution or to obtain money or property from a financial institution by false or fraudulent means. 18 U.S.C. § 1344. Plaintiffs have not pleaded any predicate acts of bank fraud with the particularity required by Rule 9(b). Plaintiffs' sole bank fraud allegation states:

6

> Pursuant to their fraudulent plan the Defendants knowingly executed a scheme or artifice to obtain the moneys, funds, credits, assets, or other property under the control of various financial institutions by means of false or fraudulent pretenses, representations, or promises in violation of 18 U.S.C. § 1344 in that the scheme, among other things, caused Plaintiff's bank to transfer funds from Plaintiff's account to the Defendants.

(Doc. 10, First Amended Complaint ¶ 29). Plaintiffs' allegations lack particularity in that they do not identify the bank or banks defrauded, the dates funds were transferred, or the amounts that were transferred. See Malloy v. Wiseman, No. 2:07-cv-6-FtM-29SPC, 2007 WL 1627189, *4 (M.D. Fla. June 5, 2007) (dismissing a RICO claim when the bank fraud predicate act allegations failed to identify the name of the bank or banks defrauded, the date of withdrawals, or the amount of withdrawals).

Additionally, Plaintiffs do not have standing to assert bank fraud as a predicate act of RICO liability. Only defrauded financial institutions have standing to assert bank fraud as a RICO predicate. See Ward v. Nierlich, No. 99-14227-CIV, 2008 WL 852789, *6-7 (S.D. Fla. Mar. 28, 2008) (stating that bank fraud was not the proximate cause of the plaintiffs' injuries, and therefore, the plaintiffs lacked standing to assert bank fraud as a predicate act); Honorable v. Easy Life Real Estate System, Inc., 182 F.R.D. 553, 563 (N.D. Ill. 1998) (stating that non-bank plaintiffs lacked standing because "[t]he [bank fraud] statute is intended to protect financial institutions and not those who may be derivatively affected by fraud committed upon a financial institution.").

Finally, the remaining alleged predicate acts of mail and wire fraud and the interstate transportation of stolen property do not establish the continuity requirement necessary to prove a pattern of racketeering activity. The mail and wire fraud statutes prohibit using the mails or interstate communication facilities in furtherance of a scheme to defraud. See 18 U.S.C. § 1341;

18 U.S.C. § 1343. The interstate transportation of stolen property statute prohibits the transportation of goods, wares, merchandise, securities or moneys in interstate commerce when such property has been taken by fraud. 18 U.S.C. § 2314. The United States Supreme Court has held that to prove a pattern of racketeering activity, a plaintiff must show two elements: a "relationship between the predicates," and "the threat of continuing activity." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989) (internal quotations and citations omitted). To establish continuity, a plaintiff must demonstrate either "a closed period of repeated conduct" or "past conduct that by its nature projects into the future with a threat of repetition." Id. at 241. These concepts may be referred to as "closed-ended" and "open-ended" continuity. Id.

Plaintiffs have not pleaded predicate acts sufficient to establish either closed-ended or open-ended continuity. Closed-ended continuity requires "a series of related predicates extending over a substantial period of time." Id. at 242; see also Monarch Normandy Square Partners v. Normandy Square Assoc. Ltd. P'ship, 817 F. Supp. 908, 914 (D. Kan. 1993). "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy [the continuity] requirement." H.J. Inc., 492 U.S. at 242; see also Moon, 465 F.3d at 725. To establish open-ended continuity, Plaintiffs would have to prove either (1) "if the related predicates themselves involve a distinct threat of long-term racketeering activity, either implicit or explicit" or (2) "the predicate acts or offenses are part of an ongoing entity's regular way of doing business." H.J. Inc., 492 U.S. at 242.

Plaintiffs pleaded that "John Lavenia and others" made fraudulent misrepresentations on at least February 3, 11, and 27, 2005 regarding how much money other individuals (including Defendants) had made with LLI products in the past and how much money Plaintiffs could

expect to make. (Doc. 10, First Amended Complaint ¶ 12.)[4] Plaintiffs pleaded specifically that on February 27, 2005 "Lavenia . . . guaranteed Plaintiffs $35,00 per month if Plaintiffs first sent sufficient money to the Defendants." (Id.) Plaintiffs also pleaded that they sent $30,000 to Defendants in February 2005 in reliance on the alleged misrepresentations. (Id. ¶¶ 13, 17-19.) Plaintiffs alleged at most in these allegations that Defendants made three sets of related misrepresentations to them with a common purpose over a one-month period. Such related acts

---

[4] The analysis above assumes that the statements made on February 3, 11, and 27, 2005 constitute actionable fraud. To prove fraud under Ohio law, a plaintiff must establish the following elements:

> (a) a representation or, where there is a duty to disclose, concealment of a fact,
> (b) which is material to the transaction at hand,
> (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
> (d) with the intent of misleading another into relying upon it,
> (e) justifiable reliance upon the representation or concealment, and
> (f) a resulting injury proximately caused by the reliance.

Burr v. Board of County Com'rs of Stark Cty., 23 Ohio St. 3d 69, 73, 491 N.E.2d 1101 (1986) (citations omitted). A representation of fact must be definite to be actionable; vague and indefinite representations cannot serve as the basis for a fraud claim. Ullmo ex rel. Ullmo v. Gilmour Academy, 273 F.3d 671, 678 (6th Cir. 2001). Also, fraud "cannot be predicated upon a representation concerning a future event." Link v. Leadworks Corp., 79 Ohio App. 3d 735, 742, 607 N.E.2d 1140 (1992). However, an exception to this general rule exists "where an individual makes a promise concerning future action, occurrence, or conduct and, at the time she makes it, has no intention of keeping the promise, since in such a case the individual possesses actual fraudulent intent, and his or her misrepresentation is thus of an existing fact—the speaker's present state of mind." Langford v. Sloan, 162 Ohio App. 3d 263, 833 N.E.2d 331, ¶ 14 (Ohio App. 2005) (citation omitted).

Plaintiffs allege two categories of allegedly fraudulent statements made by "Lavenia and others" on February 3, 11, and 27, 2005: (1) Defendants and others had made at least $35,000 per month with LLI products; (2) Plaintiffs could make at least $35,000 per month if they paid sufficient money to Defendants. (Doc. 10, First Amended Complaint ¶ 12.) The latter statements are likely insufficient to state a claim both because they are vague–what qualifies as a sufficient amount of money to pay– and because they concern future events. See Ullmo, 273 F.3d at 678 (on vague statements); Link, 79 Ohio App. 3d at 742 (on future events).

occurring against one set of plaintiffs during a limited period do not establish the continuity requirement.  See H.J. Inc., 492 U.S. at 242 (predicate acts over a few months do not satisfy continuity); Moon, 465 F.3d at 725 (predicate acts over nine-month period or even over two-year period did not satisfy continuity when there was a single objective to be accomplished).

Plaintiffs stated other allegations intended to establish closed-ended or open-ended continuity, but the allegations were not stated with the requisite particularity.  For example, Plaintiffs initially stated that Plaintiffs purchased certain products and customers lists from Defendants at a cost of approximately $30,000 between February 2005 and October 2006.  (Doc. 10, First Amended Complaint ¶ 7.)  In a later paragraph, Plaintiffs specify that they paid Defendants the entire $30,000 in the one-month period of February 2005.  (Id. ¶ 13.)  Plaintiffs failed to identify with particularity any other purchases they made after February 2005, when they made such purchases, how much money they spent, or upon what statements they relied in making such purchases.  Plaintiffs also alleged that Defendants "victimized persons across the United States," but they do not identify any other alleged victims.  (Id. ¶¶ 21-22.)  Plaintiffs alleged that Defendants operated their "fraudulent scheme" for two years prior to February 2005, when Lavenia made misrepresentations to Plaintiffs, but they did not identify any specific fraudulent statements made, who made the statements, how the statements were communicated (mail or wire), to whom the statements were  communicated, or when the statements were communicated.  (Id. ¶ 21.)  Finally, Plaintiffs baldly asserted that racketeering has "become Defendants regular way of conducting business and said business practices will continue indefinitely into the future," but they have provided no specific factual basis to support the allegation.  (Id. ¶ 37.)  As such, Plaintiffs failed to plead any other predicate acts with sufficient

particularity to establish the continuity requirement of a pattern of racketeering.

For all these reasons, the Court finds that Defendants failed to state a claim for a RICO violation, 18 U.S.C. § 1962(c), in the First Amended Complaint.  The RICO conspiracy claim under 18 U.S.C. § 1962(d) necessarily fails as well.  BancOklahoma Mortg. Corp. v. Capital Title Co., Inc., 194 F.3d 1089, 1103 (10th Cir. 1999) (stating that RICO conspiracy claim fails when the substantive claim is without merit); Craighead v. E.F. Hutton & Co., Inc., 899 F.2d 485, 495 (6th Cir. 1990) ("Plaintiffs' conspiracy claim cannot stand in light of the dismissal of their other RICO counts.").

**C.    Plaintiffs' Proposed Second Amended Complaint Also Would Fail to State a RICO Claim Upon Which Relief Can Be Granted.**

Plaintiffs seek leave to file a Second Amended Complaint with similar, though more detailed, RICO allegations.  Leave to amend is to be "freely" given.  Fed. R. Civ. P. 15. However, leave to amend need not be given where the amendment would be futile because the proposed amended complaint would not survive a motion to dismiss.  Miller v. Calhoun Cty., 408 F.3d 803, 817 (6th Cir. 2005).  Leave to amend will be denied here because the proposed Amended Complaint does not rectify the pleading deficiencies as to the RICO claims. Plaintiffs again allege that Defendants Payne, Krider, Lavenia, and the John Does violated RICO, 18 U.S.C. § 1962(c), by engaging in racketeering activity consisting of mail and wire fraud, bank fraud, and interstate transportation of stolen property.  (Doc. 17-2, Second Amended Complaint ¶ 50.)  Defendant LLI again is identified as an "enterprise" for purposes of the RICO claims.  (Id. ¶ 5.)

For the same reasons stated above as to the First Amended Complaint, Plaintiffs' allegations in the proposed Second Amended Complaint do not establish a pattern of

racketeering activity. To begin, Plaintiffs' bank fraud allegations, (Doc. 17-2, Second Amended Complaint ¶ 45), cannot suffice as the predicate acts because the allegations are not stated with particularity. Malloy, 2007 WL 1627189, at *4. Moreover, only the defrauded financial institution would have standing to assert bank fraud as a RICO predicate. See Ward, 2008 WL 852789, *6; Honorable, 182 F.R.D. at 563.

Additionally, the alleged predicate acts of mail and wire fraud and the interstate transportation of stolen property are insufficient to establish the continuity requirement of a pattern of racketeering activity. In the proposed Second Amended Complaint, Plaintiffs assert that Defendant Lavenia, acting at the behest of Defendants Payne and Krider, made fraudulent misrepresentations on three separate occasions on February 3, 11, and 27, 2005. (Doc. 17-2, Second Amended Complaint ¶¶ 23-32.)[5] Plaintiffs allege that in reliance on these misrepresentations, Plaintiffs sent Defendants at least $30,000, though in this proposed pleading they do not specify the date the payment(s) were made. (Id. ¶ 44). Again, three related acts of fraud with a common purpose occurring against one set of plaintiffs during a limited period does not establish the continuity requirement under H.J. Inc. or Moon.

---

[5] Plaintiffs' allegations in the proposed Second Amended Complaint may not constitute actionable fraud. Plaintiffs allege four categories of allegedly fraudulent statements made by Lavenia on February 3, 11, and 27, 2005 with the "approval and blessing" of Payne and Krider: (1) they would make their money back guaranteed; (2) no one had ever failed if they bought enough LLI product; (3) other LLI customers were making $35,000 per month in income; (4) that Plaintiffs could not make less than $360,000 per year if they bought sufficient LLI products. (Doc. 17-2, {Proposed] Second Amended Complaint ¶ 28.) Statements (1) and (4) are likely insufficient to support a fraud claim as a matter of law because they are representations concerning future events. See Link, 79 Ohio App. 3d at 742. Whether statement (2) could support a fraud claim also is questionable. The statement appears vague and indefinite because it does not specify what it means to "fail" and what amount qualifies as "enough LLI products." See Ullmo, 273 F.3d at 678 (on vague statements).

12

Plaintiffs' other allegations intended to establish closed-ended or open-ended continuity are not stated with the requisite particularity. Plaintiffs allege that Defendants Payne and Krider have "victimized many hundreds of other individuals" and have "used the same false and deceptive statements scheme hundreds if not thousands of individual times," but they do not identify any other alleged victims. (Id. ¶ 34.) Plaintiffs give two overly broad time frames for when Defendants engaged in such predicate acts of fraud. Plaintiffs allege in one paragraph that Defendants "operated their fraudulent scheme for at least two years prior to victimizing the Plaintiffs," or at least two years prior to February 2005. (Id. ¶ 35.) In a later paragraph, Plaintiffs allege that Defendants engaged in racketeering activity between October 2004 and October 2006. (Id. ¶ 50.) Both sets of allegations lack particularity in that they do not identify any specific fraudulent statements, who made the statements, how the statements communicated (mail or wire), to whom the statements were communicated, or when the statements were communicated. Finally, the Court again will not credit the unsupported allegation that racketeering has "become Defendants regular way of conducting business and said business practices will continue indefinitely into the future." (Id. ¶ 53.) Thus, Plaintiffs' allegations in the Second Amended Complaint do not state a RICO claim pursuant to 18 U.S.C. § 1962(c) because they do not meet the continuity requirement. The RICO conspiracy claim under 18 U.S.C. § 1962(d) necessarily also fails. BancOklahoma Mortg. Corp., 194 F.3d at 1103; Craighead, 899 F.2d at 495.

**D.      The Court Declines to Exercise Jurisdiction Over the Fraud Claim**

The Court will exercise its discretion to dismiss the state law fraud claim. Plaintiffs asserted federal question subject matter jurisdiction over the RICO claims pursuant to 28 U.S.C.

13

§ 1331.  (Doc. 10, First Amended Complaint ¶ 5; doc. 17-2, Second Amended Complaint ¶ 1.) Plaintiffs asserted the Court had only supplemental jurisdiction over the fraud claim pursuant to 28 U.S.C. § 1367.  (Doc. 10, First Amended Complaint ¶ 6; doc. 17-2, Second Amended Complaint ¶ 2.)  The Court may decline to exercise supplemental jurisdiction over a state law claim if it has dismissed the claims over which it had original jurisdiction.  28 U.S.C. ¶ 1367(c)(3).  The Court declines to exercise supplemental jurisdiction here.[6]

---

[6] The Court notes that Plaintiffs did not assert that the Court had diversity jurisdiction over the fraud claim in the Complaint, the First Amended Complaint, nor the proposed Second Amended Complaint.  (Doc. 1, Complaint ¶¶ 6-7; Doc. 10, First Amended Complaint ¶¶ 5-6; Second Amended Complaint ¶¶ 1-2.)  Plaintiffs  alleged that they are citizens of Ohio, but they have not alleged the citizenship of Defendants as is required to prove complete diversity under 28 U.S.C. § 1332(a).  At most, Plaintiffs asserted that Defendants are residents of Arizona, but residency does not equal citizenship.  Additionally, Plaintiffs did not assert that the jurisdictional amount in controversy would exceed $75,000, as also is required by 28 U.S.C. § 1332(a).  The burden is on Plaintiffs to assert affirmative allegations establishing the requisite elements of the Court's jurisdiction.  McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Jackson v. Walker, No. 6:07-230-DCR, 2007 WL 2344938, *7 (E.D. Ky Aug. 14, 2007); Heard v. SBC Ameritech Corp., No. 05-CV-71712-DT, 2005 WL 1802086, *9 (E.D. Mich. July 27, 2005).  Plaintiffs have not met that burden here as to diversity jurisdiction.

### III.     CONCLUSION

For the foregoing reason, Defendants' Motion to Dismiss (doc. 11) is **GRANTED**, Defendants' Motion to Compel Arbitration (doc. 12) is **DENIED AS MOOT**, and Plaintiffs' Motion for Leave to File a Second Amended Complaint (doc. 17) is **DENIED**.

IT IS SO ORDERED.

                                                  ___s/Susan J. Dlott_____
                                                  Susan J. Dlott
                                                  United States District Judge